**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| ARTURO PEREZ, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | Civil Action No. 3:13-CV-2393-N |
| § | | |
| UNITED STATES OF AMERICA and § | | |
| UNITED STATES MARSHAL SERVICE, § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case has been automatically referred for pretrial management. Before the Court is *United States of America's Motion to Dismiss Plaintiff's Motion for Return of Property with Brief in Support*, filed November 5, 2013 (doc. 19). Based on the relevant filings and applicable law, the motion should be **GRANTED**, and the case should be **DISMISSED with prejudice**.

**I. FACTUAL BACKGROUND**

On May 1, 2012, Arturo Perez (Plaintiff) was charged by indictment with one count of conspiracy to possess with intent to distribute a controlled substance and three counts of distribution of a controlled substance. (*See* 3:12-CR-133-N, doc. 1.) He was initially arrested by a Dallas Police Department detective. He surrendered his jewelry and cash to the detective immediately prior to being transferred into federal custody at the instruction of a United States Deputy Marshal, and he signed a property receipt from the United States Marshal acknowledging that he had no property or cash when taken into federal custody. (*See* 3:13-CV-2393-N, docs. 19, 22, 24 at 5.)[1] Plaintiff entered a plea of guilty pursuant to a plea agreement in the criminal case on November 2, 2012. (*See*

---

[1] Plaintiff submitted his response in Spanish. (*See* doc. 22.) The United States submitted a translated version of the response with its reply. (*See* doc. 24.)

3:12-CR-133-N, docs. 104, 106.) His plea was accepted, and on April 1, 2013, he was sentenced to a term of imprisonment of 210 months, to be followed by 4 years of supervised release. (*Id.* at docs. 145, 196, 198.) He was later transferred to the federal facility in Talledega, Alabama, to serve his sentence. (*Id.* at doc. 212.) On June 10, 2013, after his transfer, Plaintiff filed a letter in his criminal case requesting the return of jewelry and cash seized from him while he was awaiting transfer by the United States Marshal. (*Id.*)

## II. NATURE OF THE CASE

Federal Rule of Criminal Procedure 41(g) provides that a person "aggrieved by an unlawful search and seizure of property or by the deprivation of property" may file a motion for return of the property. Fed. R. Crim. P. 41(g). When a Rule 41(g) motion is filed in a criminal action that has already concluded, as here, it is properly construed as a civil action for the return of property under the court's general equity jurisdiction under 28 U.S.C. § 1331. *Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007) (citing *Taylor v. United States*, 483 F.3d 385, 387 (5th Cir. 2007)); *Clymore v.United States*, 217 F.3d 370, 373 (5th Cir. 2000). Because his criminal case had already concluded, Plaintiff's letter was liberally construed and opened as a complaint in a new civil case on June 24, 2013. (*See* 3:12-CR-133-N, doc. 214; 3:13-CV-2393-N, docs. 1, 4.)

On July 30, 2013, Plaintiff filed an amended complaint against the United States and the United States Marshal's Service in the new civil case, seeking the return of his property and reimbursement of the case filing fee. (3:13-CV-2393-N, doc. 8 at 3-4.)[2] He also filed what he styled as a motion for return of property, seeking either resolution of his claim under Rule 41 to avoid payment of the filing fee, a waiver of the filing fee, or to amend his complaint to add a claim for

---

[2]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

reimbursement of the filing fee. (*Id.* at doc. 7.) His request for waiver of the fee was denied, and his request to amend was deemed moot because he had already made a claim for the filing fee as damages in his amended complaint. (*Id.* at doc. 13.)

On November 5, 2013, the United States moved to dismiss the complaint. (*Id.* at doc. 19.) It proffered the property receipt signed by Plaintiff acknowledging that he had no property or cash when taken into federal custody. (*Id.*) Plaintiff filed a response, explaining for the first time that he had surrendered his jewelry and cash to the arresting detective immediately prior to being transferred into federal custody at the instruction of the Deputy Marshal. (*Id.* at docs. 22; 24 at 5.)

It is undisputed that the arresting detective seized Plaintiff's property prior to his transfer into federal custody, so the United States never had possession of the property at issue. "[T]he government cannot return property it does not possess[.]" *Bailey*, 508 F.3d at 740. Because it is not in possession of the property, Plaintiff's claim for return of property is actually a claim for money damages against the United States. *See United States v. Rodriguez*, 220 F. App'x 338, 340 (5th Cir. 2007) (unpublished) ("If the Government does not have the property, the only relief possible for [Plaintiff] would be in the form of money damages."); *United States v. O'Brien*, 189 F.3d 467 (5th Cir. 1999) (unpublished) ("Because the [property] is no longer in the possession of the Government, [the plaintiff's] claim is one for money damages."); *Armendariz-Mata v. U.S. Dept. of Justice, DEA*, 82 F.3d 679, 682 (5th Cir. 1996) (noting that when the government is not in possession of the property sought to be returned, the only available relief is "in the form of monetary damages."). In addition, Plaintiff seeks as damages the reimbursement of his court filing fee. (Doc. 8 at 4.)

### III. MOTION TO DISMISS

The United States moves to dismiss Plaintiff's claim for money damages under Rule 12(b)(1) for lack of subject matter jurisdiction based on the doctrine of sovereign immunity. (Doc. 19 at 6.)

**A.     Rule 12(b)(1) Standard**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. *See* Fed.R.Civ.P. 12(b)(1). Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.2001).

The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir.1998). "If sufficient, those allegations alone provide jurisdiction." *Id.* Facial attacks are usually made early in the proceedings. *Id.* Where the defendant supports the motion with evidence, the attack is "factual" and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413. A factual attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.1980). Regardless of the nature of attack, the party asserting jurisdiction constantly carries the burden of proof to establish that jurisdiction does exist. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001) (per curiam).

In this case, the United States has attached an appendix in support of its motion to dismiss. (Doc. 20.) The appendix includes a property receipt signed by Plaintiff attesting that he had no property when he was taken into federal custody, and the government's correspondence with Plaintiff directing him to seek his property from the Dallas Police Department. (*See* doc. 20 at 5-7.) The motion therefore represents a factual attack on the complaint, and no presumption of truth attaches to Plaintiff's factual allegations. Plaintiff has acknowledged that he surrendered his property to the arresting detective with the Dallas Police Department. (*See* docs. 22; 24 at 5). Thus, he does not contest the government's proffered evidence, and there are no disputed facts to resolve.

**B.     Sovereign Immunity**

The United States argues that the Court lacks jurisdiction over any claim for monetary damages on grounds of sovereign immunity. (Doc. 19 at 3.)

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. N.D. ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Since federal sovereign immunity is jurisdictional in nature, the consent or waiver must be unequivocally expressed. *Freeman v. United States*, 556 F.3d 326, 335 (5th Cir.2009). The terms of the consent or waiver define the jurisdictional boundaries to entertain the suit. *Meyer*, 510 U.S. at 475. In general, the scope of a waiver of sovereign immunity is strictly construed "in favor of the sovereign." *Gomez-Perez v. Potter*, 553 U.S. 474, 491 (2008). Plaintiff has the burden to show an "unequivocal waiver of sovereign immunity." *St. Tammany Parish ex rel. Davis v. FEMA*, 556 F.3d 307, 315 (5th Cir.2009).

Here, Plaintiff fails to show such a waiver of sovereign immunity. "The Fifth Circuit

determined that Rule 41[3] does not expressly allow for monetary damages and declined to 'read into the statute' any waiver of sovereign immunity." *Ezenwa v. United States*, No. Civ. A. H-04-3379, 2005 WL 3312622, at *3 (S.D. Tex. Dec. 6, 2005) (quoting *Peña v. United States*, 157 F.3d 984, 986 (5th Cir. 1998)). Under the doctrine of sovereign immunity, money damages against the United States on return of property claims are prohibited. *See Peña*, 157 F.3d at 986; *see also Adeleke v. United States*, 355 F.3d 144, 151 (2d Cir. 2004) ("[E]quitable jurisdiction does not permit courts to order the United States to pay money damages when, for whatever reason, property is not available for Rule 41(g) return. Such monetary awards are barred by sovereign immunity."). The Court therefore lacks jurisdiction over Plaintiff's claims for money damages against the United States based on the doctrine of sovereign immunity. *See Bailey*, 508 F.3d at 740; *Peña*, 157 F.3d at 986.

## IV. OPPORTUNITY TO AMEND

The Fifth Circuit has held that where a plaintiff seeks the return of property that has been destroyed, he may then seek monetary damages for the destroyed property pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), which provides for an action for monetary damages against a federal official or officials for the alleged violation of a person's constitutional rights. *See Jaramillo-Gonzalez v. United States*, 397 F. App'x 978, 981 (5th Cir. Oct. 20, 2010). Where facts necessary for a *Bivens* claim exist, a plaintiff should be given an opportunity to amend his complaint. *See Peña*, 157 F.3d at 987 & n. 3 (noting that because a dismissal of the Rule 41(g) claim by a *pro se* party under sovereign immunity functions the same as the disfavored dismissal of a *pro se* complaint under Rule 12(b)(6), "a court should grant a *pro se* party every reasonable

---

[3]Because this is a converted civil case arising from Federal Rule of Criminal Procedure 41, courts look at the language of Rule 41 to determine whether there is an "unequivocal waiver of sovereign immunity." *See Bailey*, 508 F.3d at 740; *Peña v. United States*, 157 F.3d 984, 986 (5th Cir. 1998); *Daniels v. United States*, No. 3-01-CV-322-G, 2001 WL 912382, at *2 (N.D. Tex. Aug. 9, 2001).

opportunity to amend.").

Here, there is no evidence that the government destroyed Plaintiff's property. Both parties acknowledge that the United States or its officials never possessed the property. (*See* docs. 20 at 5-7; 22; 24 at 5.) As there is no evidence of a constitutional violation, e.g., destroyed property, by a federal official, there is no cognizable *Bivens* claim that Plaintiff may amend his complaint to assert.

Nor is there a cognizable federal claim that Plaintiff may assert against the detective to whom he surrendered his property. A civil rights action under 42 U.S.C. § 1983 is the counterpart to a *Bivens* action and extends to parties injured by state actors, such as the detective. *See Carlson v. Green*, 446 U.S. 14, 18 (1980). Section 1983 "provides a federal cause of action for deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). Whether intentional or negligent, however, "random and unauthorized" deprivation of property neither violates the Constitution nor states a claim under § 1983 when adequate state post-deprivation remedies are available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Texas law provides adequate state post-deprivation remedies, including a state action against the state actor for the Texas tort of conversion. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir.2009) (citing *Murphy v. Collins*, 26 F.3d 541, 543–44 (5th Cir.1994)). Because Plaintiff has available state post-deprivation remedies, any § 1983 claim against the detective would be subject to dismissal for failure to state a claim under Rule 12(b)(6). *See Humphries v. County of Dekalb*, 165 F.3d 24 (5th Cir. 1998) (unpublished) ("Although *pro se* plaintiffs are generally given 'every reasonable opportunity to amend' their pleadings, that is unnecessary when the opportunity would be futile." (citation omitted)); *Briggs v.*

*Miss.*, 331 F.2d 499, 508 (5th Cir. 2003) (stating that an amendment would be futile if such amended complaint "could not survive a Fed. R. Civ. P. 12(b)(6) motion[.]"). No opportunity to amend to add this claim is therefore warranted.

## V. RECOMMENDATION

The United States's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) should be **GRANTED**, and the case should be **DISMISSED with prejudice**.

**SO RECOMMENDED** on this 10th day of July, 2014.

 _____
 IRMA CARRILLO RAMIREZ
 UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

 _____
 IRMA CARRILLO RAMIREZ
 UNITED STATES MAGISTRATE JUDGE